WINSTON & STRAWN LLP
DAVID A. HONIG (S.B. No. 160721)
BRIAN Y. LEE (S.B. No. 197233)
101 California Street
San Francisco, CA 94111-5894
Telephone No.: (415) 591-1000
Facsimile No.: (415) 591-1400
dhonig@winston.com
bylee@winston.com

Proposed Reorganization
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC EDUCATION FOUNDATION, a California non-profit public benefit corporation,<br><br>Debtor.<br><br>Fed Tax. ID No.: 94-2398206 | Case No. 08-30199 DM<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF WINSTON & STRAWN LLP AS REORGANIZATION COUNSEL FOR DEBTOR**<br><br>[No Hearing Required] |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

    Pacific Education Foundation (the "Debtor"), a California non-profit public benefit corporation and the debtor and debtor in possession in this chapter 11 case, submits this application (the "Application") for an order under 11 U.S.C. §§ 327 and 330, authorizing the employment of Winston & Strawn LLP ("Winston & Strawn") as its reorganization counsel. In support of this Application, the Debtor submits the Declaration of David A. Honig (the "Honig Declaration") filed concurrently herewith and the Declaration of Richard L. Rodriguez in Support of Voluntary Petition and First Day Motions and Applications filed on February 8, 2008 (the "Rodriguez Declaration"), and respectfully represents as follows:

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

Case: 08-30199  Doc# 17  Filed: 02/14/08  Entered: 02/14/08 21:25:36  Page 1 of 15

# I.
# RELIEF REQUESTED

By this Application, the Debtor requests entry of an order under 11 U.S.C. §§ 327 and 330, authorizing the Debtor to employ Winston & Strawn as its reorganization counsel, effective as of February 8, 2008 (the "Petition Date"), to perform legal services that will be necessary during this chapter 11 case, as more specifically described below.

# II.
# BACKGROUND

A.  **The Chapter 11 Filing**

On the Petition Date, the Debtor filed its voluntary petition with this court for reorganization under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in the Debtor's chapter 11 case and no committee has been appointed or designated.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.  **The Debtor's Mission; Events Leading to the Chapter 11 Filing**

The Debtor is organized as a non-profit, tax-exempt corporation under section 501(c)(3) of the Internal Revenue Code and as a public benefit corporation under California law. For over 140 years, the Debtor successfully operated and managed post-secondary educational facilities throughout the western United States under the name "Heald College." Declining enrollment and other financial pressures eventually prompted the Debtor to divest itself of its campus operations so it could refocus its mission on providing educational grants to needy students.

In August 2007, the Debtor sold substantially all of its operating assets, including rights to the Heald College name, to affiliates of Palm Ventures LLC ("Palm Ventures"), in exchange for cash, promissory notes, and the assumption of certain liabilities. After using most of the cash proceeds to retire obligations not assumed by Palm Ventures, the Debtor, now renamed

Pacific Education Foundation, expected to devote its full attention and remaining resources to providing educational grants. Instead, the Debtor has been obliged to devote its full attention to defending frivolous claims arising out of the asset sale.

It took nearly 14 months for the Debtor and Palm Ventures to negotiate, finalize, and consummate a definitive Asset Purchase Agreement (the "APA"). The APA strictly limits Palm Ventures' right to pursue claims against the Debtor in connection with the asset sale. However, Palm Ventures has asserted a series of claims against the Debtor totaling approximately $5 million, none of which are not authorized by or comply with the APA. Although Palm Ventures has failed to prevail on any of its claims to date, the defense of Palm Ventures' continuing, unfounded demands has sapped the Debtor's limited cash resources, and the Debtor's part-time, three-person Board has been obliged to focus on litigation instead of student grants.

The Debtor has also been obliged to defend, in judicial and arbitral proceedings in Hawaii, a further series of frivolous claims arising out of the sale of real property occupied by its Honolulu campus (the "Hawaii Property"). As part of its overall divestiture process, the Debtor exercised its right of first offer to acquire the Hawaii Property, and sold the Hawaii Property to a buyer willing to offer favorable lease terms benefiting Palm Ventures.

The sale of the Hawaii Property yielded a net profit of approximately $2.4 million, of which 50% was paid over to Palm Ventures pursuant to the APA. A competing buyer for the Hawaii Property, 3D Investments LLC, has demanded that the Debtor pay 3D Investments the entire gross profit of the sale, plus interest, a total of over $4 million. The Debtor has effectively defended this action on behalf of Palm Ventures as well as itself. Palm Ventures refuses to share the Hawaii litigation expense and has declined to acknowledge responsibility for the $1.2 million in cash that it received.

3D Investments has recently prosecuted a demand for "provisional remedies" in the Hawaii litigation, which, among other things, would require the Debtor to post a bond in an amount of at least $4 million. The Debtor does not have the resources to satisfy these demands.[1]

---

[1] Further details regarding the APA, the disposition of the Hawaii Property, and the claims asserted by Palm Ventures and 3D Investments are set forth in the Rodriguez Declaration, ¶¶ 10-22.

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

3

The Debtor has no secured creditors other than Wells Fargo Bank, which issued fully cash collateralized letters of credit in the aggregate amount of approximately $600,000 to support the Debtor's workers' compensation reimbursement obligations under the APA. As of the Petition Date, the Debtor held approximately $470,000 in cash, and its only current source of income is $125,000 in quarterly interest from affiliates of Palm Ventures payable under the promissory notes delivered in connection with the APA.

The Debtor cannot survive the continued financial drain and distraction of piecemeal litigation. To fulfill its mission, the Debtor must devote its limited resources to needy students, not litigation. The Debtor commenced this case to bring a halt to the Palm Ventures and 3D Investments disputes and to resolve all such claims through the chapter 11 process.

### C. Qualifications of Winston & Strawn

Winston & Strawn is an international law firm with approximately 900 attorneys. The firm maintains offices in San Francisco, Los Angeles, Chicago, New York, Washington, D.C., and Charlotte, N.C., as well as in London, Moscow, Paris, and Geneva. Winston & Strawn has a substantial restructuring and insolvency practice, representing debtors, committees, creditors, and other parties in interest in cases under the Bankruptcy Code and in out-of-court restructuring and workouts. Winston & Strawn's restructuring and insolvency group has over 40 full- and part-time members. In addition, Winston & Strawn has extensive experience in virtually all aspects of the law that may arise in this chapter 11 case, including corporate, finance, tax, and litigation expertise.

In addition, Winston & Strawn is very familiar with the Debtor's business and financial affairs and many of the potential legal issues that may arise in this chapter 11 case. Prior to the Petition Date, Winston & Strawn served as the Debtor's primary counsel with respect to certain corporate and litigation matters, including the transactions and disputes with Palm Ventures and 3D Investments described above. Winston & Strawn's professionals have worked closely with the Debtor's Board of Trustees with regard to these matters and have acquired extensive knowledge regarding the Debtor's history, former business operations, and related matters. As such, Winston & Strawn is uniquely qualified to assist the Debtor in this case.

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

4

Case: 08-30199  Doc# 17  Filed: 02/14/08  Entered: 02/14/08 21:25:36  Page 4 of 15

## III.

## SERVICES TO BE RENDERED

The Debtor seeks to employ Winston & Strawn to prosecute this chapter 11 case. In particular, the Debtor anticipates that Winston & Strawn will render, among others, the following professional services:

(a) Advise the Debtor of its rights, powers, and duties as debtor in possession under chapter 11 of the Bankruptcy Code;

(b) Prepare on behalf of the Debtor all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in this chapter 11 case;

(c) Advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in this chapter 11 case;

(d) Review the nature and validity of any liens asserted against the Debtor's property, if any, and advise the Debtor regarding the enforceability of such liens;

(e) Advise the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of its estate;

(f) Counsel the Debtor in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents;

(g) Advise and assist the Debtor in connection with any asset dispositions;

(h) Advise the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate;

(i) Commence and conduct any litigation necessary or appropriate to assert rights held by the Debtor, protect assets of the Debtor's estate, or otherwise further the goal of completing the Debtor's successful reorganization;

(j) Provide corporate, litigation, tax, and other general non-bankruptcy services to the Debtor to the extent requested by the Debtor;

(k) Appear before this and any other court and any administrative proceedings on

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

5

Case: 08-30199  Doc# 17  Filed: 02/14/08  Entered: 02/14/08 21:25:36  Page 5 of 15

behalf of the Debtor in connection with the prosecution of this case; and

(l) Perform all other necessary or appropriate legal services in connection with this chapter 11 case for or on behalf of the Debtor.

Subject to the Court's approval, Winston & Strawn is willing and able to provide the foregoing services to the Debtor. In light of the experience and expertise of Winston & Strawn and its particular knowledge regarding the Debtor's affairs, the Debtor believes that Winston & Strawn is uniquely qualified to represent the Debtor in this case.

## IV.

## DISINTERESTEDNESS OF PROFESSIONALS

Except as set forth herein or in the Honig Declaration, to the best of the Debtor's knowledge, information, and belief, other than in connection with this case, Winston & Strawn has no connection with the Debtor, its creditors, the United States Trustee, any other party in interest in this case, and their respective attorneys and accountants.

Based upon the foregoing, the Debtor believes that Winston & Strawn does not hold or represent an interest adverse to the Debtor or the Debtor's bankruptcy estate and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), such that, to the best of the Debtor's knowledge, information, and belief, Winston & Strawn, its members, counsel, and associates (i) are not or were not a creditor, an equity security holder, or an insider of the Debtor; (ii) are not or were not, within two years before the date of the filing of the petition, a director, officer of employee of the Debtor; and (iii) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason.

As detailed in the Honig Declaration, the Debtor will separately seek authority to retain the firm of Friedman Dumas & Springwater LLP ("FD&S") as proposed conflicts counsel to the Debtor, pursuant to section 327(e) of the Bankruptcy Code, to address any discrete matter(s) that may arise for which Winston & Strawn may be precluded from representing the Debtor. If FD&S is

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

6

Case: 08-30199   Doc# 17   Filed: 02/14/08   Entered: 02/14/08 21:25:36   Page 6 of 15

employed by the estate, Winston & Strawn will take all necessary steps to ensure that there is no duplication of effort between the two firms.

## V.

## PROFESSIONAL COMPENSATION

Prior to the Petition Date, as described below, (a) Winston & Strawn performed certain services for the Debtor both related and unrelated to this bankruptcy case, (b) the Debtor made certain payments to Winston & Strawn both related and unrelated to the firm's services in preparation for this bankruptcy case, and (c) based upon the Debtor's non-profit status and its educational mission, Winston & Strawn provided certain charitable contributions and fee reductions to the Debtor.

### A. Prepetition Services and Payments

Commencing on or about August 1, 2005, Winston & Strawn provided services to the Debtor on a variety of corporate, tax, real estate, employment, transactional, and litigation matters, and received payments for such services from time to time when the Debtor had funds available for that purpose. Because the Debtor is a nonprofit, tax-exempt, public benefit corporation with the charitable mission of providing educational grants to underprivileged students, Winston & Strawn also provided the Debtor with reductions from its regular hourly billing rates on all matters on which the firm has represented the Debtor. Prior to the Petition Date, these reductions were effected in one of two ways (collectively, the "Contribution Protocol"): (i) in the form of charitable contributions to the Debtor, paid separately to the Debtor after Winston & Strawn received full payment of its invoices, billed at the firm's regular hourly rates in effect from time to time, or (ii) through discounts applied to the firm's invoices, billed at regular hourly rates in effect from time to time.

As of the opening of business on January 31, 2008, Winston & Strawn had incurred unpaid fees and expenses in connection with its work for the Debtor amounting, in the aggregate, to $1,012,655.01. On January 31, 2008, (i) Winston & Strawn credited the Debtor's account in the amount of $202,531,00, representing a voluntary reduction equal to twenty percent (20%) of the full amount then outstanding, and (ii) Winston & Strawn received a payment from the Debtor in the

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

7

Case: 08-30199   Doc# 17   Filed: 02/14/08   Entered: 02/14/08 21:25:36   Page 7 of 15

amount of $236,457.54 in partial satisfaction of the remaining balance. After giving effect to these credits and payments, the balance due on the Debtor's account was $573,666.47.

In connection with the firm's services to the Debtor in preparing for, commencing and prosecuting this bankruptcy case, Winston & Strawn and the Debtor entered into an engagement letter agreement dated as of January 31, 2008, a copy of which is attached as an exhibit to the Honig Declaration (the "Restructuring Services Agreement"). Pursuant to the Restructuring Services Agreement, the Debtor agreed to provide Winston & Strawn an advance fee of $100,000.00 (the "Advance Fee") to be applied solely to services rendered by the firm in connection with this bankruptcy case. The Restructuring Services Agreement also authorized Winston & Strawn to apply all or any portion of the Advance Fee to payment of the firm's unpaid fees and costs accrued prior to the Petition Date.

On February 1, 2008, Winston & Strawn received a payment from the Debtor in the amount of $625,000.00, comprising the $100,000.00 Advance Fee plus the sum of $525,000.00 in partial satisfaction of the $573,666.47 balance that had remained outstanding as of the close of business on January 31, 2008. After application of this payment, and without regard to the Advance Fee, the Debtor's remaining unpaid balance was $48,666.47.

From February 1, 2008, through the filing of the petition at approximately 2:00 p.m. on February 8, 2008, Winston & Strawn incurred a total of $102,984.50 in fees and expenses in connection with preparation for this bankruptcy case,[2] and a total of $10,961.50 in fees in connection with other matters. Immediately prior to filing the petition, (a) Winston & Strawn applied the entire Advance Fee to partial satisfaction of the bankruptcy fees and expenses, leaving an unpaid balance of $2,984.50 on bankruptcy matters, and (b) wrote off all then-outstanding unpaid amounts, aggregating $62,612.47, which consisted of (i) the Debtor's January unpaid balance on non-bankruptcy matters ($48,666.47), (ii) the Debtor's unpaid balance on bankruptcy matters ($2,984.50), and (iii) the Debtor's February unpaid balance on non-bankruptcy matters

---

[2] These fees were billed at the reduced Engagement Billing Rates described below in this Application.

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

8

1  ($10,961.50).[3] Thus, Winston & Strawn did not hold any claim against the Debtor as of the Petition Date.

Winston & Strawn has informed the Debtor that Winston & Strawn believes that all payments it received from the Debtor within the 90 days prior to the Petition Date occurred in the ordinary course of business, as that term is used in 11 U.S.C. § 547(c)(2), and that for this and other reasons, such payments do not create preference liability or otherwise affect the firm's eligibility to serve as counsel to the Debtor under 11 U.S.C. § 327(a).

**B.     Proposed Compensation to Winston & Strawn**

The current customary hourly rates of Winston & Strawn professionals in the United States offices, subject to adjustment, are: (a) for partners, from $420 to $995; (b) for associates, from $210 to $625; (c) for legal assistants, from $135 to $285. The hourly rates charged by particular Winston & Strawn professionals are identical for such professionals' work on bankruptcy and non-bankruptcy matters. Among such professionals, those rates differ based upon, among other things, the professionals' level of experience, and the rates normally charged in the location of the office in which the professional resides. Fees for professional services of Winston & Strawn are based, in part, on its guideline hourly rates, which are periodically adjusted in the normal course of the firm's business.

However, pursuant to the Restructuring Services Agreement and subject to the approval of the Court, in light of the Debtor's distinctive non-profit status and educational mission, Winston & Strawn and the Debtor have agreed upon a mechanism to provide the Debtor with the continued practical benefit of the Contribution Protocol in connection with this bankruptcy case. For purposes of this engagement, the Debtor and Winston & Strawn have agreed that the Contribution Protocol (as enacted prepetition) will not apply. In lieu of the prepetition Contribution Protocol, Winston & Strawn has agreed to provide similar benefits to the Debtor by billing its work on this engagement at special "Engagement Billing Rates," which are lower than the current hourly rate ranges described above.

---

[3] The foregoing narrative description of fees incurred, payments received and credits applied is summarized in a table attached as an exhibit to the Honig Declaration.

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor                9
SF:195875.5

Pursuant to the Restructuring Services Agreement, the Engagement Billing Rates for the professionals anticipated to be primarily involved in this matter are as follows:

| Professionals | Position | Hourly Rate |
|---|---|---|
| David A. Honig | Partner | $590.00 |
| James E. Topinka | Partner | $595.00 |
| Brian Y. Lee | Associate | $470.00 |
| Christine Hoefliger | Associate | $410.00 |
| Ted Sien | Legal Assistant | $240.00 |

The Engagement Billing Rates represent an aggregate discount from Winston & Strawn's current regular hourly rates of approximately 12% on a blended basis (the "Blended Discount."). In addition to the professionals listed above, portions of the firm's work on this engagement may be performed by other firm attorneys and legal assistants, as necessary. The firm's regular billing rates are subject to adjustment from time to time, usually in January of each year, and Winston & Strawn anticipates that its regular billing rates will increase effective January 1, 2009. However, pursuant to the Restructuring Services Agreement, for purposes of this engagement, Winston & Strawn has agreed to maintain in force the Engagement Billing Rates, and to provide an aggregate Blended Discount for all professionals performing work on this engagement, until the first to occur of (a) the effective date of a confirmed plan of reorganization in the Debtor's bankruptcy case, and (b) January 1, 2009, <u>provided</u>, that the period during which the Engagement Billing Rates and Blended Discount will apply is subject to extension if later agreed to in writing by Winston & Strawn or required by any applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, local U.S. Trustee Guidelines, and the local rules, practices, and orders of this Court.

Winston & Strawn will seek compensation at the Engagement Billing Rates (and other rates consistent with the Blended Discount) for the services of each attorney and legal assistant acting on behalf of the Debtor in this case. Consistent with Winston & Strawn's policy with respect to its other clients, Winston & Strawn will also continue to charge reasonable expenses incurred in its rendition of services, subject to the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure, and any local rules or guidelines applicable to this bankruptcy case. These expenses include, among other things, actual and reasonable costs for telephone charges, photocopying, travel, business meals, computerized research, messenger, couriers, postage, witness fees, and other fees related to trials and hearings.

Winston & Strawn intends to apply to the court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this bankruptcy case in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any local rules for this district, the guidelines of the Office of the United States Trustee, and the orders of this Court.

Regardless of the time and manner of interim compensation, Winston & Strawn understands that, subject to this Court's orders, Winston & Strawn will be required to follow the procedures for final allowance of fees at the end of the bankruptcy case, or the conclusion of its representation of the bankruptcy estates, under Bankruptcy Code section 330.

Winston & Strawn has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues or tasks addressed in this case.

Other than as set forth above and the Honig Declaration, no arrangement is proposed between Winston & Strawn and the Debtor, any creditor, or other party in interest for compensation to be paid in this case. Except for arrangements among the members of Winston & Strawn and as permitted under section 504(b)(1) of the Bankruptcy Code and as disclosed in the Honig Declaration, Winston & Strawn has no agreement with any other entity to share any compensation received, nor will any sharing be made.

## VI.
## NOTICE

Notice of this Application will be served on: (a) the United States Trustee; and (b) the Bankruptcy Parties List attached as Schedule A to the Honig Declaration. No trustee, examiner, or

creditors' committee has been appointed in the Debtor's chapter 11 case. The Debtor submits that the notice for this Application is sufficient and proper and that no further or other notice is needed.

## VII.

## NO PRIOR REQUEST FOR RELIEF

No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order in substantially the form of order attached hereto as Exhibit A, and grant the Debtor such other and further relief as is just and proper.

Dated: February 14, 2008                    PACIFIC EDUCATION FOUNDATION


By: /s/ Richard L. Rodriguez
    Richard L. Rodriguez
    Trustee and Treasurer

Prepared by:

WINSTON & STRAWN LLP



By: /s/ Brian Y. Lee
    Brian Y. Lee
    Proposed Reorganization Attorneys
    for Debtor

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5
Case: 08-30199   Doc# 17   Filed: 02/14/08   Entered: 02/14/08 21:25:36   Page 12 of 15
12

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

# EXHIBIT A

## Proposed Form of Order

*(Attached)*

Application for Order Authorizing Employment of
W&S as Reorganization Counsel for Debtor
SF:195875.5

13

Case: 08-30199   Doc# 17   Filed: 02/14/08   Entered: 02/14/08 21:25:36   Page 13 of 15

WINSTON & STRAWN LLP
DAVID A. HONIG (S.B. No. 160721)
BRIAN Y. LEE (S.B. No. 197233)
101 California Street
San Francisco, CA 94111-5894
Telephone No.: (415) 591-1000
Facsimile No.: (415) 591-1400
dhonig@winston.com
bylee@winston.com

Proposed Reorganization
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC EDUCATION FOUNDATION, a California non-profit public benefit corporation,<br>        Debtor.<br><br>Fed Tax. ID No.: 94-2398206 | Case No. 08-30199 DM<br><br>Chapter 11<br><br>**ORDER AUTHORIZING EMPLOYMENT OF WINSTON & STRAWN LLP AS REORGANIZATION COUNSEL FOR THE DEBTOR**<br><br>[No Hearing Required] |

Upon the application (the "Application") filed by Pacific Education Foundation (the "Debtor"), a California non-profit public benefit corporation, debtor and debtor in possession in this chapter 11 bankruptcy case, for an order under Bankruptcy Code sections 327 and 330, authorizing employment of Winston & Strawn LLP as reorganization counsel for the Debtor, and upon the Declaration of David A. Honig (the "Honig Declaration") and other papers filed in support thereof, this court finds and concludes that it has jurisdiction over this matter pursuant to 11 U.S.C. §§ 157 and 1334 and B.L.R. 5011-1; that this is a core proceeding pursuant to 11 U.S.C. §§ 157(b); that based upon the representations made in the Application and the Honig Declaration that Winston & Strawn LLP does not hold or represent any interest adverse to the estate and that it qualifies as a

"disinterested person" as that term is defined under Bankruptcy Code section 101(14); that such retention is in the best interest of the Debtor's estate, its creditors, and other parties in interest; and that notice of the Application is sufficient, and it appearing that no other or further notice need to be given;

Upon the above findings and conclusions, and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby

ORDERED:

1. The Application is GRANTED and all objections, not otherwise withdrawn, are overruled.

2. Pursuant to Bankruptcy Code section 327(a), the Debtor's employment of Winston & Strawn LLP as its reorganization counsel in this chapter 11 case is approved, effective as of the Petition Date, to perform the services set forth in the Application.

3. Winston & Strawn LLP shall be compensated for services rendered and reimbursed for expenses incurred in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331 and other applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this court.

4. The court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the interpretation or implementation of this Order.

DATED:

_____
UNITED STATES BANKRUPTCY JUDGE