FRIEDMAN DUMAS & SPRINGWATER LLP
M. ELAINE HAMMOND (S.B. NO. 197444)
ROBERT E. CLARK (S.B. NO. 245882)
150 Spear Street, Suite 1600
San Francisco, CA 94105
Telephone Number: (415) 834-3800
Facsimile Number: (415) 834-1044

Proposed Reorganization Conflicts Counsel for
Pacific Education Foundation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 08-30199 DM |
| PACIFIC EDUCATION FOUNDATION, a California non-profit public benefit corporation, | Chapter 11 |
| Debtor. | APPLICATION FOR ORDER AUTHORIZING FRIEDMAN DUMAS & SPRINGWATER LLP AS REORGANIZATION CONFLICTS COUNSEL FOR DEBTOR |
| Fed. Tax ID No.: 94-2398206 | |
| | [No Hearing Requested] |

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Pacific Education Foundation (the "Debtor"), a California non-profit public benefit corporation and the debtor and debtor in possession in this chapter 11 case, submits this application for an order under 11 U.S.C. §§ 327 and 330, authorizing the employment of Friedman Dumas & Springwater LLP ("FD&S") as its reorganization counsel for those matters in which the Debtor's primary reorganization counsel, Winston & Strawn ("W&S"), determines that it has an actual or potential conflict. In support of this Application, the Debtor submits the Declaration of M. Elaine Hammond (the "Hammond Declaration") filed herewith, and respectfully represents as follows:

# I. RELIEF REQUESTED

By this Application, the Debtor requests entry of an order under 11 U.S.C. §§ 327 and 330, authorizing the Debtor to employ FD&S as its reorganization counsel to perform legal services for those matters in which the Debtor's primary reorganization counsel, W&S, has an actual or potential conflict ("Conflicts Counsel"). The Debtor further requests that FD&S's employment as Conflicts Counsel be effective as of February 8, 2008 (the "Petition Date").

# II. BACKGROUND

A. **The Chapter 11 Filing**

On the Petition Date, the Debtor filed its voluntary petition with this court for reorganization under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in the Debtor's chapter 11 case and no committee has been appointed or designated.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. **Employment of Friedman Dumas & Springwater LLP as Conflicts Counsel**

In its review to determine potential conflicts and disinterestedness, W&S determined that it is in the Debtor's best interests to seek to employ Conflicts Counsel in the event that an issue arises in the Debtor's Chapter 11 case involving a party that W&S has a conflict with or to which it is not disinterested. As provided in the Declaration of David A. Honig in support of the W&S employment application, W&S determined that it has in the past represented, currently represents, and may in the future represent Wells Fargo Bank and certain of its affiliates and Oracle USA and/or certain of its affiliates (collectively, together

with such other parties as W&S may later identify, the "Conflict Creditors") in matters unrelated to the Debtor in this case.

Wells Fargo Bank is a secured creditor in the Debtor's case. Prior to the Petition Date, Wells Fargo bank issued certain fully cash collateralized letters of credit, in the aggregate amount of approximately $600,000, to support certain workers' compensation reimbursement obligations of the Debtor, which letters of credit remained outstanding as of the Petition Date.

Oracle USA and/or certain of its affiliates were formerly party to contracts under which software and services were provided to the Debtor in connection with the Debtor's operations prior to the disposition of its operating assets in August 2007. The Debtor believes that it may hold claims against Oracle USA and/or certain of its affiliates.

The Debtor hereby seeks to employ FD&S as its Conflicts Counsel in regards to the Conflict Creditors.

C. **Qualifications of Friedman Dumas & Springwater LLP**

FD&S has extensive experience in the bankruptcy courts in this District; its lawyers having represented debtors, creditors' committee and creditors in numerous cases. The primary attorney representing the Debtor in this matter will be M. Elaine Hammond. Ms. Hammond has been a member of the State Bar of California since 1998 and admitted to practice in the United States District Court for the Northern District of California since 2000. Ms. Hammond has represented debtors, secured and unsecured creditors and creditors' committees in numerous cases.

### III. SERVICES TO BE RENDERED

The Debtor seeks to employ FD&S as its Conflicts Counsel in this chapter 11 case. In this representation, the Debtor anticipates that FD&S will render, among others, the following professional services:

(a) Advise the Debtor of its rights, powers and duties as to the Conflict Parties as debtor in possession under chapter 11 of the Bankruptcy Code;

(b) Prepare on behalf of the Debtor as to the Conflict Parties all necessary and appropriate applications, motions, proposed orders, other pleadings, notices, schedules, and other documents;

(c) Advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in this chapter 11 case as to the Conflict Parties;

(d) Review the nature and validity of any liens asserted against the Debtor's property by the Conflict Parties, if any, and advise the Debtor regarding the enforceability of such liens;

(e) Advise the Debtor regarding its ability to initiate actions to collect and recover property for the benefit of its estate from the Conflict Parties;

(f) Counsel the Debtor, if necessary, in connection with the formulation, negotiation, and promulgation of a plan of reorganization and related documents as to the Conflict Parties;

(g) Advise and assist the Debtor in connection with any asset dispositions specific to the Conflict Parties;

(h) Advise the Debtor in reviewing, estimating and resolving claims asserted against the Debtor's estate by the Conflict Parties;

(i) Commence and conduct any litigation against the Conflict Parties necessary or appropriate to assert rights held by the Debtor, protect assets of the Debtor's estate, or otherwise further the goal of completing the Debtor's successful reorganization; and

(j) Perform all other necessary or appropriate legal services in connection with this chapter 11 case for or on behalf of the Debtor as to the Conflict Parties.

Subject to the Court's approval; FD&S is willing and able to provide the foregoing services to the Debtor. In light of the experience and expertise of FD&S, the Debtor believes that FD&S is well qualified to represent the Debtor as its Conflicts Counsel in this case.

## IV. DISINTERESTEDNESS OF PROFESSIONALS

Except as set forth herein or in the Hammond Declaration, to the best of the Debtor's knowledge, information and belief, FD&S has no connection with the Debtor, the Conflict Creditors, the United States Trustee any other party in interest in this case, and their respective attorneys and accountants.

Based upon the foregoing, the Debtor believes that FD&S does not hold or represent an interest adverse to the Debtor or the Debtor's bankruptcy estate as to the Conflict Creditors and is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), such that, to the best of the Debtor's knowledge, information and belief , FD&S, its members, counsel, and associates (i) are not or were not a creditor, an equity security holder, or an insider of the Debtor; (ii) are not or were not, within two years before the date of the filing of the petition, a director, officer or employee of the Debtor; and (iii) do not have an interest materially adverse to the interest of the estate or of any class or creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with, or interest in the Debtor for any other reason.

As detailed in the Hammond Declaration, FD&S has in the past represented, currently represents and may in the future represent, one of the Debtor's banking relationships, First Republic Bank, in matters wholly unrelated to the Debtor. FD&S is not being retained to represent the Debtor in any matters involving First Republic Bank.

## V. PROFESSIONAL COMPENSATION

The Debtor has agreed to pay FD&S its standard hourly rates, and other charges such as expense reimbursements, photocopy services and the like, as limited by and consistent with B.L.R. 9029-1, Guidelines 19-24, and 27-40, all being subject to approval by the Bankruptcy Court, on notice as provided in the Bankruptcy Code. The principal attorneys and paralegals presently designated to represent the Trustee in these cases and their standard hourly rates are set forth below:

| | | |
|---|---|---|
| Cecily A. Dumas | | $475 |
| M. Elaine Hammond | | $350 |
| Robert E. Clark | | $235 |
| Katherine G. Hollander | | $140 |

Other attorneys and paralegals may from time to time perform services for the Debtor in connection with the matters described herein. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, including increased experience of the professionals rendering services. The hourly rates for the other professionals not identified in this Application will be within the ranges of the rates noted above.

Further, the Debtor understands that it is FD&S's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, long distance telephone charges, telecopier charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, computerized research, and transcription costs, as well as allowable nonordinary overhead expenses. The Debtor understands that FDS will charge for these expenses in a manner and at rates consistent with charges made generally to FDS's other clients, as limited by and consistent with B.L.R. 9029-1, Guidelines 19-24, and 27-40.

FD&S intends to apply to the court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this bankruptcy case in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any local rules for this district, the guidelines of the Office of the United States Trustee, and the orders of this Court.

Regardless of the time and manner of interim compensation, FD&S understands that, subject to this Court's orders, FD&S will be required to follow the procedures for final allowance of fees at the end of the bankruptcy case, or the conclusion of its representation of the bankruptcy estate, under Bankruptcy Code section 330.

| | |
|---|---|
|1| FD&S has agreed to accept as compensation such sums as may be allowed by|
|2| the Court on the basis of the professional time spent, the rates charged for such services, the|
|3| necessity of such services to the administration of the estate, the reasonableness of the time|
|4| within which the services were performed in relation to the results achieved, and the|
|5| complexity, importance, and nature of the problems, issues or tasks addressed in this case.|
|6| Other than as set forth above and in the Hammond Declaration, no|
|7| arrangement is proposed between FD&S and the Debtor, any creditor, or other party in|
|8| interest for compensation to be paid in this case. Except for arrangements among the|
|9| members of FD&S and as permitted under section 504(b)(1) of the Bankruptcy Code, FD&S|
|10| has no agreement with any other entity to share any compensation received, nor will any|
|11| sharing be made.|

## VI. NOTICE

Notice of this Application will be served on: (a) the United States Trustee; (b) the Office of the Attorney General; (c) Winston & Strawn, proposed counsel for the Debtor; and (d) other parties in interest as identified on the certificate of service attached hereto. No trustee, examiner or creditors' committee has been appointed in the Debtor's chapter 11 case. The Debtor submits that the notice for this Application is sufficient and proper and that no further or other notice is needed.

## VII. NO PRIOR REQUEST FOR RELIEF

No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing the Debtor to employ FD&S as its Conflicts Counsel, and granting the Debtor such other and further relief as is just and proper.

| | | |
|---|---|---|
| 1 | Dated: February 26, 2008 | PACIFIC EDUCATION FOUNDATION |
| 2 | | |
| 3 | | By:  /s/ Richard L. Rodriguez |
| | | Richard L. Rodriguez |
| 4 | | Trustee and Treasurer |

Prepared by:

FRIEDMAN DUMAS & SPRINGWATER LLP

By:  /s/ M. Elaine Hammond
     M. Elaine Hammond
     Proposed Reorganization Conflicts
     Counsel for the Debtor