Entered on Docket
September 28, 2009
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

WINSTON & STRAWN LLP
DAVID A. HONIG (S.B. No. 160721)
BRIAN Y. LEE (S.B. No. 197233)
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
dhonig@winston.com
bylee@winston.com

Reorganization Attorneys for Debtor

Signed and Filed: September 25, 2009

DENNIS MONTALI
U.S. Bankruptcy Judge

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re

PACIFIC EDUCATION FOUNDATION,

Debtor.

Fed Tax. ID No.: 94-2398206

**Case No. 08-30199 DM**

Chapter 11

**ORDER (A) GRANTING FINAL APPROVAL OF PLAN DOCUMENT; (B) CONFIRMING DEBTOR'S PLAN OF REORGANIZATION; AND (C) ESTABLISHING CLAIMS BAR DATES**

At a hearing on September 22, 2009 (the "Confirmation Hearing"), the Court considered the final approval and confirmation of the Combined Plan of Reorganization and Disclosure Statement Under Chapter 11 of the Bankruptcy Code, Dated July 31, 2009 (As Amended August 21, 2009) (the "Plan Document") proposed by Pacific Education Foundation, debtor and debtor-in-possession (the "Debtor"). Appearances for counsel and parties were stated on the record.

The Court reviewed and considered the Plan[1] (including, without limitation, its provisions with respect to the payment of claims against the estate and the Debtor's emergence from bankruptcy, as set forth in Part II of the Plan), and all relevant pleadings, exhibits, notices, declarations, documents and other papers filed in connection with the Confirmation Hearing, and

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan Document.

1

ORDER (A) GRANTING FINAL APPROVAL OF PLAN DOCUMENT; (B) CONFIRMING DEBTOR'S PLAN OF REORGANIZATION; AND (C) ESTABLISHING CLAIMS BAR DATES

SF:262111.5

considered the arguments of counsel, evidence admitted at the Confirmation Hearing, and the record in this case. After due consideration of the foregoing, and good cause appearing therefor, the Court finds that:

A. No objections were filed to the confirmation of the Plan or the adequacy of the information disclosed in the Plan Document; and

B. The Plan complies with all applicable provisions of the Bankruptcy Code; the Debtor has complied with all applicable provisions of the Bankruptcy Code for confirmation of the Plan; and the Plan has been proposed in good faith and not by any means forbidden by law.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The form of the Plan Document as proposed on July 31, 2009, and amended on August 21, 2009 (Docket No. 244), is granted final approval as containing adequate information for use by the Debtor in soliciting acceptances or rejections of the Plan.

2. Pursuant to section 1129 of the Bankruptcy Code, the Plan is confirmed.

3. The stay of this Order set forth in Bankruptcy Rule 3020(e) shall be terminated immediately upon entry of this Order.

4. The Plan shall become effective on the third business day after entry of this Order. The date on which the Plan becomes effective shall be the "Effective Date."

5. Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c), the Reorganized Debtor is hereby directed to serve, on or before the Effective Date, upon the United States Trustee and all other parties that received notice of the Confirmation Hearing, notice, substantially in the form annexed hereto as Exhibit A (the "Confirmation Notice"), of (a) the entry of this Order, (b) the establishment of the Final Administrative Expense Bar Date, and (c) the bar date for claims arising from rejected executory contracts and leases.

6. The provisions of the Plan governing the effect of confirmation, including the discharge of the Debtor, the Reorganized Debtor, and their respective properties or estates pursuant to section 1141(d)(1)(A) of the Bankruptcy Code, are approved. As of the Effective Date, all provisions of the Plan shall bind the Debtors, the Reorganized Debtors, and all Persons whose rights,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Case: 08-30199 Doc# 254 Filed: 09/25/09 Entered: 09/28/09 15:53:36 Page 2 of 8

benefits, property or obligations are affected by the Plan (including, without limitation, the heirs, executors, administrators, successors, or assigns of any such Persons), whether or not such Persons have voted on or accepted the Plan. Except as provided for in the Plan, all property of the Estate shall revest in the Reorganized Debtor free and clear of all liens, claims, and interests; provided, however, that all property of the Estate shall be revested in the Reorganized Debtor in chapter 7 should the case be converted to chapter 7.

7. The date occurring thirty (30) days after the Effective Date (the "Rejection Claims Bar Date") is established as the deadline for filing a proof of Claim arising from any executory contract or unexpired lease which is rejected on the Effective Date or pursuant to the Plan. Any Claim arising from an executory contract or unexpired lease which is rejected on or before the Effective Date or pursuant to the Plan, and for which a rejection claims bar date had not previously been established by an order of this Court, shall not be enforceable against the Debtor, the Reorganized Debtor or their respective properties or estates unless a proof of Claim is filed and served on the Reorganized Debtors on or before the Rejection Claims Bar Date.

8. The date occurring forty-five (45) days after the Effective Date (the "Administrative Claims Bar Date") is established as the deadline for filing a request for payment of Administrative Claims incurred through the Effective Date, including any application for approval of Professional Fees and reimbursement of expenses. Each Professional Person retained or requesting compensation incurred before the Effective Date in the Chapter 11 Case pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code shall be required to file and serve an application for allowance of final compensation and reimbursement of expenses before this Court on or before the Administrative Claims Bar Date. Debtor's counsel shall, on or before the Administrative Claims Bar Date, prepare a notice of the Final Fee Applications and obtain from the Court a hearing date for the Final Fee Applications and a date by which all objections to Final Fee Applications must be filed and served.

9. At all times on and after the Effective Date until the Chapter 11 Case has been closed, converted or dismissed, the Reorganized Debtor shall pay any quarterly fees and file any quarterly

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Case: 08-30199 Doc# 254 Filed: 09/25/09 Entered: 09/28/09 15:53:36 Page 3 of 8

financial reports that might be due and owing to the United States Trustee pursuant to the provisions of section 1930(a)(6) of Title 28 of the United States Code. Any U.S. Trustee fees owed on or before the Effective Date shall be paid on or before the Effective Date.

10. Notwithstanding the entry of this Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain, after the Effective Date: (a) jurisdiction over this case; (b) pursuant to Federal Rule of Bankruptcy Procedure 3020(d), the power to issue any other order necessary to administer the Estate; (3) jurisdiction over the Reorganized Debtor and its properties as and to the extent set forth in the Plan, which provisions are incorporated herein by this reference,; and (4) jurisdiction to supervise the performance and consummation of the Plan to the full extent permitted by applicable law.

11. To the extent of any inconsistency between the provisions of this Order and those of the Plan, the provisions of this Order shall govern.

*** END OF ORDER ***

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

Case: 08-30199 Doc# 254 Filed: 09/25/09 Entered: 09/28/09 15:53:36 Page 4 of 8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**Exhibit A**

*(Attached)*

5

ORDER (A) GRANTING FINAL APPROVAL OF PLAN DOCUMENT; (B) CONFIRMING DEBTOR'S PLAN OF REORGANIZATION; AND (C) ESTABLISHING CLAIMS BAR DATES

SF:262111.5

WINSTON & STRAWN LLP
DAVID A. HONIG (S.B. No. 160721)
BRIAN Y. LEE (S.B. No. 197233)
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
dhonig@winston.com
bylee@winston.com

Reorganization Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PACIFIC EDUCATION FOUNDATION,<br><br>Debtor.<br><br>Fed Tax. ID No.: 94-2398206 | **Case No. 08-30199 DM**<br><br>Chapter 11 |

**<u>NOTICE OF ENTRY OF ORDER CONFIRMING COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, DATED AS OF JULY 31, 2009 (AS AMENDED ON AUGUST 21, 2009)</u>**

**To All Creditors, the Office of the United States Trustee, the Securities Exchange Commission, and Other Parties in Interest:**

1. **<u>Notice of Entry of Order Confirming Plan; Effective Date of Plan</u>.** On September __, 2009, the Bankruptcy Court entered its ORDER (A) GRANTING FINAL APPROVAL OF PLAN DOCUMENT; (B) CONFIRMING DEBTOR'S PLAN OF REORGANIZATION; AND (C) ESTABLISHING CLAIMS BAR DATES (the "<u>Confirmation Order</u>") submitted by Pacific Education Foundation, debtor and debtor in possession ("<u>PEF</u> or the "<u>Debtor</u>"). The Effective Date of the Plan is September ___, 2009.

Case: 08-30199 Doc# 254 Filed: 09/25/09 Entered: 09/28/09 15:53:36 Page 6 of 8

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

2. **<u>Bar Date for Filing Rejection Claims</u>.** Pursuant to Section II.G (Exhibit B) of the Plan, all executory contracts and unexpired leases that were not (a) assumed or rejected prior to Confirmation, or (b) expressly assumed pursuant to the Plan, are deemed rejected as of the Effective Date of the Plan (i.e., as of September ___, 2009). Pursuant to Section II.G of the Plan, holders of Rejection Claims (for which no claims bar date was previously established by the Court) must file with the Bankruptcy Court, and serve on counsel for the Reorganized Debtor, a Proof of Claim evidencing such Rejection Claim no later than _____________ ___, 2009 or the holder of such Claim shall be forever barred from asserting any such Rejection Claim or receiving any payment or other Distribution on account of such Rejection Claim.

3. **<u>Bar Date for Filing Administrative Claims.</u>** Pursuant to Section II.E(1) of the Plan, any request for allowance of an Administrative Claim as defined in the Plan, and pursuant to Section 503(a) of the Bankruptcy Code (including any estimated expenses to be incurred after the Effective Date), other than by the Reorganized Debtor's Professionals, must be filed no later than _____________ ___, 2009 or the holder of such Administrative Claim shall be forever barred from asserting such Administrative Claim or receiving any payment or other Distribution on account of such Administrative Claim.

Persons with questions regarding the foregoing may contact Debtor's counsel as set forth in the caption above.

Dated: September __, 2009

WINSTON & STRAWN LLP

By: /s/ Brian Y. Lee
Brian Y. Lee
Reorganization Attorneys for Debtor

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

Case: 08-30199 Doc# 254 Filed: 09/25/09 Entered: 09/28/09 15:53:36 Page 7 of 8

## Court Service List

Attorneys for Debtor
Winston & Strawn LLP
David A. Honig, Esq.
Brian Y. Lee, Esq.
101 California Street, 39th Floor
San Francisco, CA 94111-5894

Attorneys for 3D Investments, LLC
Jeffrey C. Krause, Esq.
Stutman Treister & Glatt, PC
1901 Avenue of the Stars, 12th Floor
Los Angeles, California 90067

Attorneys for Heald Capital, LLC and affiliates
Ron Oliner, Esq.
Duane Morris LLP
One Market, Spear Tower
Suite 2000
San Francisco, CA 94105-1104

Office of the United States Trustee
Patricia A. Cutler, Esq.
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104

Case: 08-30199 Doc# 254 Filed: 09/25/09 Entered: 09/28/09 15:53:36 Page 8 of 8